**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RAYMOND ROYCE SCHNEIDER,

      Petitioner,                       Civil No. 2:06-CV-13949
                                        HONORABLE NANCY G. EDMUNDS
v.                                    UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

      Respondent,

_____/

**OPINION AND ORDER DENYING THE**
**PETITION FOR WRIT OF HABEAS CORPUS**

Raymond Royce Schneider, ("Petitioner"), presently confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; assault with intent to murder, M.C.L.A. 750.83; arson of real property, M.C.L.A. 750.73; and felony-firearm, M.C.L.A. 750.227b.  For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED.**

**I.  Background**

Petitioner was convicted following a jury trial in the Ogemaw County Circuit Court. [1]

_____

[1]  Due to the brevity of the habeas petition, this Court is willing to incorporate the facts and arguments raised in petitioner's state appellate court brief that petitioner attached to his habeas petition as being part of petitioner's application for writ of habeas corpus. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2 (E.D. Mich. 2004).

James Turner testified that petitioner had lived in a trailer on Turner's property in Rose City, Michigan.  On June 28, 2002, Turner asked petitioner to vacate his property after discovering that petitioner had underbid him on a machinery repair job.  After arguing with petitioner, Turner went back to his shop, which was also on his property.  Petitioner confronted Turner at the shop with a gun, stating "you made me do it."  Turner began running towards his truck, when he heard the gun discharge.  Turner was hit in the right shoulder.  Petitioner continued to chase Turner around his truck two and a half times.

Larry Bemis had been working on Turner's sidewalks.  Bemis arrived and cocked a shovel to strike petitioner in the chest or head.  Petitioner fired the gun at Bemis.  Bemis died from a gunshot wound to the face and neck.

Turner and his wife ran inside his house, where Turner had a .22 rifle, but no shells.  Turner testified that he was unarmed throughout the incident and denied owning a handgun.  Several other witnesses confirmed that Turner did not own a handgun and that he was unarmed at the time of the incident.

Petitioner then set fire to Turner's shop.  Anthony Turner, the victim's son, testified that after lighting the shop on fire, petitioner told Turner, "I should have killed you a long time ago, fag."  After setting the fire, petitioner jumped into his van and drove back and forth to prevent Turner from getting to his shop.  The shop was totally destroyed by fire.

During cross-examination, Turner indicated that he would sometimes give

2

petitioner money for when petitioner was on probation.

After being arrested, petitioner told police that he had "just snapped" and accused Turner of being a "crook " who owed him money.  Although he denied intending to kill Turner, petitioner told police that he wished Turner was dead. Petitioner admitted to chasing Turner and shooting him in the back with a shotgun.  Petitioner indicated that he shot Bemis after Bemis came at him with a shovel.  Petitioner also admitted to deliberately setting Turner's shop on fire with gasoline.

After being arrested, petitioner told police that he had "just snapped" and

Petitioner testified in his own behalf.  Petitioner claimed that Turner owed him money for repair work.  Petitioner indicated that Turner was mad at him about contacting Modern Machine and asked him to leave.  Petitioner claimed that Turner returned to his trailer armed with a revolver.  Petitioner, however, did not recall telling the police about Turner having a gun.  Petitioner grabbed a shotgun from his closet because he believed that he needed to protect himself.

Petitioner came out of the shop and heard Turner indicate that petitioner had a gun.  When Turner raised his hand, petitioner "winged him", intending to get the gun out of Turner's hand, although petitioner admitted that he did not actually see a gun at that point.  Petitioner did not get into his van because he thought Turner might shoot him, however, he conceded that it was possible to get into the van and drive off, rather than to follow Turner.

Petitioner testified that he turned around and saw Bemis with a shovel over

3

his head.  Petitioner testified, "It all happened so fast, I-when I-I dropped the butt of the gun.  I raised the barrel.  And I turned my head.  If I hit the shovel, all them pellets would come back at my face.  And at the same time, I turned like that.  I looked over and Jimmy was getting ready to rush me over here.  And then I looked back and I saw Larry laying on the ground."  Petitioner realized that he had shot Bemis, although he claimed that he had not aimed at Bemis and had no animosity towards him.  Petitioner admitted setting Turner's shop on fire.

Petitioner's conviction was affirmed on appeal. *People v. Schneider,* No. 257498 (Mich.Ct.App. January 6, 2005); *lv. den.* 474 Mich. 869; 703 N.W. 2d 814 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

Denial of effective assistance of counsel.

## II.  Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d).

4

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's ineffective assistance of counsel claim is meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005); *See also Mathews v. United States,* 11 F. 3d 583, 585 (6th Cir. 1993)(affirming the summary dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim); *Love v. Butler,* 952 F. 2d 10, 13-15 (1st Cir. 1991)(affirming the summary dismissal of a state prisoner's § 2254 habeas petition pursuant to Rule 4, where the ineffective assistance of counsel claims were without merit).

### III.  Discussion

Petitioner claims that his trial counsel was ineffective for failing to either object or request a mistrial after James Turner testified to giving petitioner money to pay off probation costs, thereby allowing the jury to hear that petitioner had a prior criminal record and was therefore a "bad character."  Petitioner contends that such evidence was inadmissible "prior bad acts evidence" under M.R.E. 404(b).

Both of the Michigan appellate courts denied petitioner's appeal in a simple form order, without giving any reasons for their decisions.  When a state court has not articulated its reasoning when denying a constitutional claim, a federal habeas court is obligated to conduct an independent review of the record

6

and applicable law and determine whether the state court decision is contrary to
federal law, unreasonably applies clearly established law, or is based on an
unreasonable determination of the facts in light of the evidence presented;
however, that independent review is not a full *de novo* review of the claims, but
remains deferential because a habeas court cannot grant relief unless the state
court decision is not in keeping with the AEDPA's strictures. *Harris v. Stovall*,
212 F. 3d 940, 943 (6th Cir. 2000).  Thus, where a state court decides a
constitutional issue by form order or without an extended discussion, as was the
case here, a habeas court should focus on the result of the state court's
decision, applying the aforementioned standard. *Id.* at 943, fn. 1.

To prevail on his ineffective assistance of counsel claim, petitioner must
show that the state court's conclusion regarding his claim was contrary to, or an
unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See
Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002).  *Strickland*
established a two-prong test for claims of ineffective assistance of counsel: the
petitioner must show (1) that counsel's performance was deficient, and (2) that
the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner contends that his trial counsel was ineffective for failing to object
to the testimony that Petitioner had been on probation for some unspecified
criminal offenses in the past or to request a mistrial.  Trial counsel's failure to
object to the introduction of this "other crimes" evidence that was neither

7

extensive or detailed was not ineffective, as the failure to object could have been a reasonable trial strategy, since an objection could have highlighted the evidence to the jury. *Buehl v. Vaughn*, 166 F. 3d 163, 175-176 (3rd Cir. 1999). Moreover, Petitioner is unable to demonstrate prejudice, since this evidence was only a small part of the inculpatory evidence presented, and there is no reasonable probability that the result of the trial would have been different if the evidence had been excluded. *Id.* Moreover, because the jury was not given any additional information about petitioner's prior probationary status, petitioner has failed to show that he was prejudiced by Turner's brief remark, so as to support an ineffective assistance of counsel claim. *See e.g. Bonin v. Vasquez,* 807 F. Supp. 589, 601 (C.D. Cal. 1992); *See also Nickerson v. State,* 248 Ga. App. 829, 835; 545 S.E. 2d 587 (Ga. App. 2001)(defendant not prejudiced by counsel's failure to object to prosecutor's brief reference to petitioner being on probation for prior case, given the overwhelming evidence of defendant's guilt).

In light of the overwhelming evidence in this case, the brief reference to petitioner's being on probation in the past did not prejudice petitioner, so as to support an ineffective assistance of counsel claim. Petitioner is not entitled to habeas relief, because the Michigan courts' rejection of his claim constituted a reasonable application of *Strickland. See Pearl v. Cason,* 219 F. Supp. 2d 820, 829 (E.D. Mich. 2002).

8

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).  A district court therefore has the power to deny a certificate of appealability *sua sponte. See Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

A habeas petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability. *See Skaggs v. Parker*, 235 F. 3d 261, 266 (6th Cir. 2000).  For the reasons stated in this opinion, the Court will deny

9

petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659.  It would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See Alexander v. Harris,* 595 F. 2d 87, 91 (2nd Cir. 1979).  The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Dell,* 194 F. Supp. 2d at 659.

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 19, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 19, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager